**Vera M. ENGLISH, Plaintiff–Appellant,**

v.

**GENERAL ELECTRIC COMPANY,
Defendant–Appellee,**

Government Accountability Project,
Amicus Curiae.

**Vera M. ENGLISH, Plaintiff–Appellee,**

v.

**GENERAL ELECTRIC COMPANY,
Defendant–Appellant,**

Government Accountability Project,
Amicus Curiae.

Nos. 88–3976, 88–3982.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1988.

Decided April 3, 1989.

M. Travis Payne (Edelstein and Payne, Raleigh, N.C., Mozart G. Ratner, Washington, D.C., on brief), for appellant/cross-appellee.

Peter G. Nash (Dixie L. Atwater, Ogletree, Deakins, Nash, Smoak and Stewart, Washington, D.C., William W. Sturges, Weinstein & Sturges, Charlotte, N.C., on brief), for appellee/cross-appellant.

(Stephen M. Kohn, Michael D. Kohn, Government Accountability Project, on brief), for amicus curiae.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

In this diversity action, Vera M. English appeals the district court's order dismissing her complaint on the ground that her state tort claim was preempted by federal law. The defendant, General Electric Company ("G.E."), cross-appeals from the district court denial of its motion to dismiss English's claim on the alternative ground that such claim failed to state a cause of action under North Carolina law. Finding no error, we affirm.

English was employed by G.E. as a laboratory technician at a nuclear fuel production facility in North Carolina. In February, 1984, she complained to both the Nuclear Regulatory Commission ("NRC") and her supervisors at the G.E. facility regarding what she believed to be serious violations of NRC safety standards. When no corrective action was taken, she deliberately failed to clean up radiation contamina-

tion at her work station in an effort to prove to her supervisor that such contamination was not being detected by the facility's safety inspectors. Although her efforts led to corrective action, she was disciplined by the company for her failure to clean up contamination of which she was aware. It is the measures allegedly taken by G.E. to discipline her that formed the basis for her tort claim of intentional infliction of emotional distress.[1]

The district court held that English had, under North Carolina law, stated a good cause of action for the tort of intentional infliction of emotional distress. However, the court further determined that the "whistleblower" provisions of the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851, were intended by Congress to constitute the sole remedy for nuclear facility employees who allege discrimination resulting from safety complaints and, therefore, English's state claim was preempted by the federal statute. On appeal, English contends that the lower court erred in ruling that Congress intended to foreclose whistleblowers from state tort remedies. In its cross-appeal, G.E. contends that English's allegations did not amount to the tort of intentional infliction of emotional distress and, therefore, that the court erred in denying G.E.'s motion to dismiss on the alternative Fed.R.Civ.P. 12(b)(6) ground.

Upon full consideration of the record, briefs, and oral argument, we conclude that the lower court correctly determined that English stated a claim but that the claim was preempted by the ERA's "whistleblower" provisions. The district court's opinion has correctly identified and applied the relevant federal and state law. We therefore affirm the order dismissing the complaint for the reasons expressed by the district court. *English v. General Electric Co.,* 683 F.Supp. 1006 (E.D.N.C.1988).[2]

AFFIRMED.

---

1. English's complaint also included a state tort claim for wrongful discharge; she has not, however, appealed the district court's dismissal of this claim.

2. We have also had occasion to examine English's claim in the context of a complaint filed with the United States Department of Labor pursuant to the ERA's whistleblower provisions. On appeal to this court from the agency's dismissal of her claim as being time-barred, we held that a claim for "retaliatory harassment" is cognizable under the ERA and that compensatory damages are available. The case was remanded to the Secretary of Labor for consideration of English's retaliatory harassment claim. *English v. Whitfield,* 858 F.2d 957 (4th Cir.1988).