Ronald MASTERS, Appellant,

v.

DANIEL INTERNATIONAL CORPORATION, Appellee.

No. 88–1345.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1990.

Dan L. Wulz, Bryan, Lykins, Hejtmanek & Wulz, Topeka, Kan., for appellant.

Leonard J. Spooner, Thompson, Mann and Hutson, Greenville, S.C., Lizabeth Lee Walther, Thompson, Mann and Hutson, Washington, D.C. and Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for appellee.

Before McKAY and TACHA, Circuit Judges, and RUSSELL, District Judge.*

PER CURIAM.

The appellant Ron Masters brought this action for retaliatory discharge in the district court alleging that his former employer appellee Daniel International Corporation ("Daniel") terminated him for having reported safety related concerns to the Nuclear Regulatory Commission ("NRC").

This appeal is from a decision of the district court dismissing Masters' claim on the basis that the claim was preempted by Section 210 of the Energy Reorganization Act 42 U.S.C. § 5851.

The facts as alleged by Masters are that on February 2, 1984 he notified the NRC of his safety related concerns about work he was doing at the Wolf Creek Nuclear Generating Station in Kansas. Ultimately the NRC's investigation vindicated Masters complaint. In the meantime Masters was terminated by Daniel allegedly for being a whistleblower.

Masters did not file a claim with the Department of Labor within thirty days of his termination as required by 42 U.S.C. § 5851(b)(1); rather, he later brought this action for retaliatory discharge.

Whether a state law claim for retaliatory discharge in response to an employee making safety related complaints to the Nuclear Regulatory Commission is preempted by 42 U.S.C. § 5851 is a matter of first impression in this circuit. Other circuits which have ruled on this issue have reached differing conclusions.

In *English v. General Electric Co.*, 871 F.2d 22 (4th Cir.1989) the Court found that

the Energy Reorganization Act was intended by Congress to be the exclusive remedy for employees who allege discrimination resulting from safety complaints and that state law claims were thus preempted. In *Snow v. Bechtel Construction, Inc.*, 647 F.Supp. 1514 (C.D. of Calif.1986) that court also concluded that state law claims were preempted, but based on the premise that primarily safety concerns were being addressed by the Energy Reorganization Act and that in accord with *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 212, 103 S.Ct. 1713, 1726, 75 L.Ed.2d 752, 770 (1983), "the Federal Government has occupied the entire field of nuclear safety concerns, except the limited power expressly ceded to the states." In *Snow* the Court drew a corollary between the "whistleblower" provision of § 5851 and the Mine Safety and Health Act, 30 U.S.C. § 820, which are quite similar. In *Olguin v. Inspiration Consol. Copper Company*, 740 F.2d 1468 (9th Cir. 1984) that court found that the "whistleblower" provision of the Mine Safety and Health Act was an exclusive remedy and preempted state action. *Also see Chrisman v. Philips Industries, Inc.*, 242 Kan. 772, 751 P.2d 140 (1988).

To the contrary in *Norris v. Lumbermen's Mutual Casualty Co.*, 881 F.2d 1144 (1st Cir.1989) the court concluded that the Energy Reorganization Act did not preempt state law claims. In accord with this position also see *Gaballah v. Pacific Gas and Electric Co.*, 711 F.Supp. 988 (N.D.Cal.1989); *Stokes v. Bechtel North American Power Corp.*, 614 F.Supp. 732 (N.D.Cal.1985); *Wheeler v. Caterpillar Tractor Co.*, 108 Ill.2d 502, 92 Ill.Dec. 561, 485 N.E.2d 372 (1985).

After review of the cited cases and the opinion of the District Court the Court concludes that Section 210 of the Energy Reorganization Act, 42 U.S.C. § 5851 preempts any state law claim for wrongful termination for reporting safety violations under the Act.

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and West-

ern Districts of Oklahoma, sitting by designation.

The Court therefore AFFIRMS the district court's order dismissing the complaint.

The mandate shall issue forthwith.