**Gary ACKISON and Carolyn Ackison, Plaintiffs,**

v.

**The DETROIT EDISON COMPANY, Defendant.**

**No. 90–CV–71503–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 31, 1990.

Anthony A. Muraski, Ann Arbor, Mich., for plaintiffs.

Frederic E. Champnella, The Detroit Edison Co., Detroit, Mich., for defendant.

OPINION

DUGGAN, District Judge.

This matter is before the Court on plaintiff's [1] Motion to Remand. Defendant has filed a response to this motion. Plaintiff has filed a reply to defendant's response.

---

**1.** There are two plaintiffs in this action, Gary Ackison and his wife, Carolyn Ackison. For

In accordance with Local Rule 17(*l*)(2), the Court shall decide this motion without hearing.

This action was originally filed in Wayne County Circuit Court. Defendant removed this case to federal court on the basis that § 210 of the Energy Reorganization Act of 1974, 92 Stat. 2951, as amended, 42 U.S.C. § 5851 ("§ 5851"), pre-empts plaintiff's claim that defendant discharged him from employment in violation of Michigan's Whistleblowers' Protection Act, Mich. Comp.Laws § 15.361 *et seq.* Plaintiff contends that removal was improper because his complaint alleges only state law causes of action.[2]

### I. Factual Background [3]

In September of 1978, plaintiff was hired as a mechanic pipefitter by defendant, an electric utility company. By 1982 plaintiff had been promoted to the position of maintenance foreman. In the summer of 1989, plaintiff contacted the Nuclear Regulatory Commission with regard to certain personnel practices of defendant at a nuclear plant it was operating. To wit, plaintiff believed defendant was hiring and employing unqualified personnel at the plant in violation of safety regulations.

In August of 1989, defendant suspended plaintiff from his job. In February of 1990, defendant discharged plaintiff from employment. Plaintiff immediately appealed this action pursuant to an intra-company appeal procedure. On April 30, 1990, defendant denied the appeal, thereby causing plaintiff's discharge from the company to become final.

On April 19, 1990, plaintiff filed a complaint, claiming a violation of § 5851, with the United States Department of Labor with regard to his discharge from employment. This complaint was dismissed by the Department of Labor for not being timely filed.[4] Plaintiff's appeal of this dismissal is still pending.

### II. Discussion

The removal of cases from state to federal court on the basis of federal question jurisdiction has been governed for over a century by federal statute. *See Act* of March 3, 1887, ch. 373, 24 Stat. 552, as amended by Act of Aug. 13, 1888, ch. 866, 25 Stat. 433. Under 28 U.S.C. § 1441(a) and (b), a defendant may remove a civil action brought in state court to federal court if the action is based on a claim "arising under" federal law. In other words, removal jurisdiction is limited to those actions over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Correspondingly, the removal statute requires a federal court to remand to state court any action over which it would not have had original jurisdiction. *See* 28 U.S.C. § 1447(c).

■ Generally, "the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (internal quotation marks omitted). This rule allows a plaintiff to avoid federal jurisdiction by exclusively relying on state law in his complaint. *Id.*[5] Additionally, "it is set-

---

purposes of this opinion the Court shall use the word plaintiff in the singular form.

**2.** Plaintiff also asserts the following claims against defendant: age discrimination under Michigan's Elliott–Larsen statute, Mich.Comp. Laws § 37.2202(1); a breach of an implied employment contract; and intentional infliction of mental distress. Additionally, plaintiff's wife has asserted a loss of consortium claim against defendant.

**3.** What follows is an outline of the facts as alleged by plaintiff in his complaint.

**4.** § 5851(b)(1) requires that a complaint be filed within thirty days of the retaliatory action.

**5.** See also *Id.* at n. 7 which cites the following cases in support of this proposition: *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed.

tled law that a case may *not* be removed to a federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint...." *Id.*, 482 U.S. at 393, 107 S.Ct. at 2430 (emphasis in original) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983)).

■ In the present matter, defendant argues that removal of the case to this Court was proper because plaintiff's claim under the Whistleblowers' Act is pre-empted by § 5851 and, thus, this Court has original, federal question, jurisdiction over the case. Plaintiff, of course, contends that his complaint alleges only claims arising under state law and is, therefore, not pre-empted by § 5851 and must be remanded to state court.

The Supremacy Clause of the United States Constitution, Art. VI, cl. 2, provides the foundation for the pre-emption of state law by federal law.[6] The Supreme Court has recently outlined three circumstances under which state law will be pre-empted by the Supremacy Clause:

> First, Congress can define explicitly the extent to which its enactments pre-empt state law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–98, 103 S.Ct. 2890, 2898–2900, 77 L.Ed.2d 490 (1983).

> Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. Such an intent may be inferred from a "scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," or where an Act of Congress "touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947).

> Finally, state law is pre-empted to the extent that it actually conflicts with federal law. [P]re-emption [is found] where it is impossible for a private party to comply with both state and federal requirements, ..., or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

*English v. General Electric Co.*, —— U.S. ——, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990) (citations omitted). For purposes of discussion, this Court shall refer to these three types of pre-emption as, respectively: explicit pre-emption, field pre-emption and conflict pre-emption.

The federal courts are divided as to whether § 5851 pre-empts state law whistleblower claims based on conduct covered by the section.[7] This Court, however, concludes that the Supreme Court's decision in *English* compels a finding of no pre-emption with regard to this issue.

In the present matter, defendant does not assert explicit preemption as the basis for its argument that plaintiff's state law whistleblower claim is pre-empted by

---

713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

6. Art. VI, cl. 2 states in relevant part:
> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

7. For example, the following courts have found § 5851 to pre-empt state law-based whistleblower claims: *Masters v. Daniel Int'l Corp.*, 895 F.2d 1295, 1296 (10th Cir.1990) (per curiam); *Snow v. Bechtel Constr., Inc.*, 647 F.Supp. 1514, 1519 (C.D.Cal.1986).

These courts, however, have found no pre-emption for such claims: *Norris v. Lumberman's Mut. Casualty Co.*, 881 F.2d 1144, 1151 (1st Cir.1989); *Gaballah v. PG & E*, 711 F.Supp. 988, 991 (N.D.Cal.1989); *Garg v. Narron*, 710 F.Supp. 1116, 1118 (S.D.Tex.1989); *Stokes v. Bechtel North American Power Corp.*, 614 F.Supp. 732, 745 (N.D.Cal.1985).

§ 5851. Rather, defendant asserts that plaintiff's claim is pre-empted by federal law via field pre-emption. Simply put, defendant argues that plaintiff's whistleblower claim is located within the field of nuclear safety regulation, here § 5851—a field it considers to be reserved exclusively for federal regulation.

Previous to its decision in *English,* the Supreme Court in *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Comm'n,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983), had concluded that "the Federal Government has occupied the entire field of nuclear safety concerns, except the limited powers expressly ceded to the States." *Id.,* 461 U.S. at 212, 103 S.Ct. at 1726. In *English* the Court viewed *Pacific Gas* as establishing a field of pre-emption with regard to the Federal Government's regulation of "the radiological safety aspects involved in the construction and operation of a nuclear plant." *English,* 110 S.Ct. at 2277 (quoting *Pacific Gas,* 461 U.S. at 205, 103 S.Ct. at 1722).

More relevant to the present matter, the Court in *English* decided whether, under field pre-emption, a discharged employee's state law claim against her employer premised on conduct covered by § 5851 was pre-empted by that section. *Id.* 110 S.Ct. at 2276–79. In resolving this issue the *English* Court found that § 5851's provisions did not pre-empt all such state law claims. *Id.* at 2277. Rather, the Court stated that under such circumstances, field pre-emption of a state law claim would only occur when: (1) the purpose behind the state law in question was nuclear safety, or (2) the state law had some "direct and substantial effect on the decisions made by those who build or operate nuclear facilities concerning radiological safety levels." *Id.* at 2278. With regard to the employee's claim in the case before it, a state law-based claim of the tort of intentional infliction of mental distress, the *English* Court found it "clear that the state law at issue ... [was] not motivated by safety concerns, ..." *Id.* As to the second possible basis of pre-emption, the Court found the effect on nuclear safety concerns to be "neither direct nor substantial enough to place ... [the] claim in the pre-empted field." *Id.*

In the present matter, plaintiff is claiming defendant discharged him from his job in violation of Michigan's Whistleblowers' Act. In relevant part, the Whistleblowers' Act prohibits retaliatory acts, including discharge, by an employer against an employee who reports an employer's violation or suspected violation of state or federal law, regulation or rule. *See* Mich.Comp.Laws § 15.362. Section 5851's provisions are much the same—it prohibits discharge for similar conduct by an employee. *Snow v. Bechtel Const., Inc.,* 647 F.Supp. 1514, 1517 (C.D.Cal.1986).

Applying *English's* standard of field pre-emption to plaintiff's Whistleblowers' Act claim, the Court concludes that the claim is not pre-empted by § 5851. The purpose behind Michigan's Whistleblowers' Act was not to promote nuclear safety. Rather, the Act's purpose was to protect employees who report violations of laws, regulations, and rules. *Melchi v. Burns International Security Services, Inc.,* 597 F.Supp. 575, 580 (E.D.Mich.1984). Such laws, regulations, and rules, in fact, need not relate to safety. Such Act would protect an employee who reported, for example, violations of laws against discrimination. As such, plaintiff's claim does not meet the first of *English's* two standards of § 5851 pre-emption—that the purpose behind the state law in question was nuclear safety.

Plaintiff's Whistleblowers' Act claim does not meet *English's* second standard of § 5851 pre-emption either—that the state law have a "direct and substantial effect on the decisions made by those who build or operate nuclear facilities concerning radiological safety levels." It is true that plaintiff's claim may have some effect on defendant's future safety decisions at its nuclear plants. Indeed, this Court recognizes that "[a]s employers find retaliation more costly, they will be forced to deal with complaints by whistleblowers by other means, including altering radiological safety levels." *English,* 110 S.Ct. at 2278. Such effects, however, are neither direct

nor substantial enough to place plaintiff's whistleblower claim within § 5851's pre-empted field. *See id.*

### III. Conclusion

This Court concludes that plaintiff's Whistleblowers' Act claim does not fall within the pre-empted field of nuclear safety with regard to § 5851 as defined by the Supreme Court in *English v. General Electric Co.* Accordingly, plaintiff's Motion to Remand is GRANTED.

An Order consistent with this Opinion shall issue.