Roy **LESH** and Maureen
Lesh, Plaintiffs,

v.

**ALLSTATE INSURANCE COMPANY,**
an Illinois corporation, Defendant.

No. C89–0086J.

United States District Court,
D. Wyoming.

Oct. 20, 1989.

wife, Maureen Lesh, asserts a claim against the defendant for an alleged loss of consortium.

In February 1977 Roy Lesh became employed as an adjuster and regional claims representative by the defendant Allstate. Although initially employed as a resident adjuster, he was eventually promoted to the position of unit claims manager. He alleges that from December 1980 through December 1984, he suffered personal injuries in the form of emotional and mental stress caused by his work load with Allstate. These problems first manifested themselves in April 1981 when Lesh was hospitalized for an apparent heart attack, later diagnosed as severe stress and anxiety. After seeking medical attention, the plaintiff was advised by his treating physicians that his stress was work related. For example, one of the plaintiff's treating physicians, a Dr. Motl, wrote a letter to the defendant informing Allstate that the plaintiff was suffering from job-related anxiety episodes. He recommended in that letter that the plaintiff be given a three-month period of medical leave. Letter from Dr. John M. Motl to Allstate Insurance Co. (Sept. 22, 1983) (discussing Roy Lesh's job-related anxiety condition). In December 1984, the plaintiff suffered another severe anxiety attack. This allegedly was caused by the defendant's failure to accommodate the recommendations of the plaintiff's treating physicians that Allstate provide the plaintiff with a reduced work load. Unable to function at work, the plaintiff took a medical leave of absence in December 1984 and never returned to work with Allstate. On June 1, 1985, he resigned his position.

Henry F. Bailey, Jr., Cheyenne, Wyo., for plaintiffs.

John A. Sundahl, Cheyenne, Wyo., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JOHNSON, District Judge.

In this diversity action, the plaintiff, Roy Lesh, seeks damages for personal injuries against the defendant Allstate Insurance Company. He also seeks damages for an alleged breach of the covenant of good faith and fair dealing. Additionally, his

█ The defendant has moved for summary judgment against the plaintiffs' negligence claims on the ground that they are barred by the applicable statute of limitations. In Wyoming a negligence action must be brought within four years after the date it accrues. *Ogle v. Caterpillar Tractor Company*, 716 P.2d 334, 337 (Wyo. 1986); Wyo.Stat. § 1–3–105(a)(iv)(C) (June 1988). Because Wyoming is a discovery state, the statute of limitations for negli-

gence actions begins to run when the plaintiff knows or has reason to know he has a cause of action. *Olson v. A.H. Robins*, 696 P.2d 1294, 1297 (Wyo.1985); *Anderson v. Bauer*, 681 P.2d 1316, 1321 (Wyo.1984). The statute of limitations begins to run as to a plaintiff's claim where plaintiff knows or reasonably should know that he has suffered an injury and knows or reasonably should know that the cause of that injury was job related stress. *Olson*, 696 P.2d at 1299. In this case, the plaintiff believed as early as 1981 that his anxiety attacks were job-related. Depo. of Roy Lesh at 196–97. The plaintiff's physicians also advised him as early as September 1983 that he was suffering job-related stress anxiety. Because the plaintiff filed this action on April 5, 1989, the defendant argues that the negligence claims are time-barred.

The plaintiff, however, argues that the court should recognize an exception to the four-year rule based on the "special relationship between an employer and an employee." For two reasons he argues that the statute should not begin to run until this relationship ceases. First, he argues that during the course of the relationship a continuing tort was occurring, which can only cease upon termination of the employer-employee relationship. Second, "it would be absurd to require an employee to sue his employer" during the existence of the relationship. He offers no reasons why this requirement is absurd. Presumably plaintiff would suggest that an employer would be inclined to discharge an employee for filing a personal injury action and would be inclined to retaliate in other ways as well.

Without providing any support, the plaintiff asserts that the statute of limitations does not begin to run for a Wyoming employee until the employment relationship ceases, so long as the injury-producing condition continues. The court finds, however, that the continuing tort rule is inapplicable here. That rule states that " '[w]hen a tort involves *continuing injury*, the cause of action accrues, and the limitation period begins to run, at the time the tortious

conduct ceases.' " *Page v. United States*, 729 F.2d 818, 821 (D.C.Cir.1984) (quoting *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975)). The rule is inapplicable where a plaintiff has discovered his injury prior to the cessation of the tortious conditions that caused the injury. *See Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 359–60 (3d Cir.1986). The continuing tort rule does not apply where a plaintiff has identified the injury and its cause before his employment is terminated. In such a case, "the discovery of injury rather than the cessation of work ... marked the beginning of the limitations." *Id.* Thus, the continuing tortious conduct of an employer "will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Id.*

In support of his second reason why the statute of limitations should begin to run upon cessation of the employer-employee relationship, the plaintiff relies on Wyoming cases involving medical malpractice, which has a shorter, two-year statute of limitations. See Wyo.Stat. § 1–3–107(a) (June 1988). In medical malpractice cases, the court has applied the continuous treatment rule to hold that this particular statute, which is very short in duration, begins to run on termination of the physician-patient relationship. The rule is based on the rationale that, in a medical malpractice case, no single treatment necessarily caused the harm and a physician should therefore be given an "opportunity to correct the error before harm ensues...." *Echols v. Keeler*, 735 P.2d 730, 732 (Wyo. 1987). The court sees no reason to extend a rule developed for the physician-patient situation to negligence actions arising from an employer-employee relationship.

In contrast to a physician-patient relationship, it is not unusual that the same employer-employee relationship may last twenty or thirty years. Yet under the plaintiff's argument, an employee's cause of action for an injury caused by his employer's negligence would not accrue until

the end of this lengthy relationship even though the employee had actual knowledge of his injury and the employment-related cause many years before termination of the employer-employee relationship. Such a result, which is less likely, if ever, to occur in a medical malpractice action, counsels against the adoption of this rule within the employer-employee relationship. Statutes of limitations express a public policy of prohibiting litigation of stale claims. *Olson*, 696 P.2d at 1297. The plaintiff's proposed exception undermines this public policy by encouraging the filing of such claims.

The Wyoming Supreme Court adopted the continuing treatment rule in relation to this state's relatively short statute of limitations for medical malpractice actions, which, because of its short duration, is construed narrowly to allow a plaintiff "a fair opportunity to present his claims." *Metzger v. Kalke*, 709 P.2d 414, 417 (Wyo. 1985). Unlike a medical malpractice claim, the plaintiff's negligence claim against his employer is controlled by Wyoming's considerably longer four-year statute of limitations for which, as the court previously noted, there is a less compelling reason to construe it narrowly to provide a plaintiff with "a fair opportunity to present his claims." *Metzger*, 709 P.2d at 417. Even assuming it is appropriate to construe narrowly the state's four-year statute of limitations, the court finds the plaintiff's argument by analogy inapplicable to the facts of this case because the plaintiff, unlike a plaintiff in a medical malpractice action involving continuing treatment, suffered a complete injury during the course of his employment with the defendant. Because the harm was complete, no corrective action by his employer could have reversed that harm.

The plaintiff also asserts a claim for intentional infliction of emotional distress, a claim controlled by Wyoming's one year statute of limitations for intentional torts. Wyo.Stat. § 1–3–105(v)(a)(b). This claim is plainly barred by the statute of limitations and therefore must be dismissed. Although it is governed by very short statute of limitations, it is without merit to argue that the claim accrues upon termination of the employer-employee relationship on the ground that "it would be absurd to require an employee to sue his employer during the existence of that relationship." It would be absurd not to require this when the employer has intentionally injured an employee.

A fear of discharge should not discourage an employee from suing an employer for personal injuries. A retaliatory discharge, constructive or actual, for filing such an action would appear to violate a public policy in Wyoming of allowing redress of injuries, which is embodied in the state's constitution. *See* Wyo.Const. art. 1, § 8, art. 19, § 7 and art. 10, § 4. The Wyoming Supreme Court recently recognized a cause of action in tort for retaliatory discharge based on a violation of a similar public policy. *Griess v. Consolidated Freightways Corp.*, 776 P.2d 752, 754 (Wyo.1989). In *Griess*, the employer discharged two of its employees in retaliation for their filing worker's compensation claims. In recognizing a tort action based on a retaliatory discharge, the court stated as follows:

> We have been cautious about approving tort actions which might interfere with the traditional rule of "at will" employment. *See, e.g., Allen*, [*v. Safeway Stores, Inc.*], 699 P.2d 277 [Wyo.1985]; *Rompf* [*v. John Q. Hammons Hotels, Inc.*], 685 P.2d 25 [Wyo.1984]. However, in the unique situation presented here, where a strong public policy is embodied in the worker's compensation statutes and the constitution and no other remedy is available, an exception to the doctrine of "at will" employment is justified.

*Id.* at 754. Although the case involved retaliation for exercising rights under the worker's compensation laws, the opinion is broad enough to find that Wyoming would recognize the same cause of action for retaliatory discharge based upon a public policy where an employer discharges an employee for filing a lawsuit as a result of personal injuries sustained on the job.

628

The defendant has also moved for summary judgment against the plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The cause of action only applies to an employment contract that is not at will, *Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702, 704 (Wyo.1985), and was recognized by the Wyoming Supreme Court in *Leithead v. American Colloid Co.*, 721 P.2d 1059 (Wyo. 1986). Wyoming has not accepted the proposition that an at will employment contract contains an implied covenant of good faith and fair dealing. *Nelson v. Crimson Enterprises*, 777 P.2d 73, 76 n. 3 (Wyo. 1989). Here the plaintiff has not offered to the court a written employment contract showing that his employment with Allstate was something other than at will.[1]

Historically Wyoming has followed the common law rule that, absent special circumstances, the employment relationship is at will and may be terminated by either party at any time and for any reason. *Rompf v. John Q. Hammons Hotels*, 685 P.2d 25, 27 (Wyo.1984). Under an employment at will contract, an employee may resign at any time. *Allen v. Safeway Stores*, 699 P.2d 277, 282 (Wyo.1985). An employer's personnel manual or handbook may alter the employment at will relationship by creating an implied employment contract. *Parks*, 704 P.2d at 704. Those employment manuals create an employment contract where they contain a provision for just cause termination. Plaintiff, however, has not presented any such documents to the court. Even if the plaintiff was an at will employee, he argues that the court should nonetheless recognize a public policy exception imposing an implied covenant of good faith and fair dealing upon at will employment. This exception can apply when an employer discharges an at will employee in violation of a statutory prohibition; in violation of a statutory expression of public policy; or in violation of a non-statutory expression of public policy. *See Nelson*, 777 P.2d at 76 n. 2.

Even assuming Wyoming recognized this exception, which it has not, the plaintiff must show he was discharged. Here the plaintiff resigned. In his amended complaint, he alleges that the defendant breached the covenant not by discharge, but "by imposing unfair and unreasonable job assignments on the plaintiff; by failing to give sufficient assistance to plaintiff to allow him to perform his job; by failing to give plaintiff an appropriate level of work during his recuperation for personal injuries; and by deliberately exposing plaintiff to the same dangers and risk that caused plaintiff to suffer his initial injury." Assuming these actions amounted to a constructive discharge, the plaintiff must identify the public policy the employer is alleged to have violated. *Nelson*, 777 P.2d at 76 n. 2. A violation of a public policy does not automatically flow from a constructive discharge. The plaintiff has failed to identify the public policy allegedly violated by the defendant and therefore has no cause of action for the breach of the implied covenant of good faith and fair dealing.[2]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The party moving for summary judgment has the initial burden of informing the court of the basis for its motion, "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a moving party has met this initial burden, it shifts to the non-moving party to make a sufficient showing establishing the existence of an

---

1. The plaintiff states in an interrogatory that a district manager told him when he was hired that he could be discharged only for defalcation or for failing to perform his job. This evidence, of course, is governed by Wyoming's Statute of Frauds, rendering such terms unenforceable.

*See, e.g., Allen v. Safeway Stores*, 699 P.2d 277, 282 (Wyo.1985).

2. Employer retaliation short of a constructive discharge also might violate a public policy, provided that policy is identified.

element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* Failure to make this showing will entitle the moving party to judgment as a matter of law. In deciding the motion for summary judgment, the court must ask whether a fair minded jury could return a verdict for the non-moving party on the evidence presented. *Windon Third Oil and Gas Drilling Partnership v. FDIC,* 805 F.2d 342, 346 (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). The defendant, as the moving party, must show that the plaintiffs have failed to establish an essential element of their claim. The defendant need not disprove the plaintiffs' claims, but must only show that the facts are without legal significance. *Id.* at 346.

In support of its motion for summary judgment on the covenant of good faith and fair dealing claim, the defendant has informed the court that the plaintiff's employment relationship was at will. In response, the plaintiff has not presented any evidence that would contradict the existence of an at will employment relationship, except as previously noted. It is axiomatic that once a motion for summary judgment is properly made, an adverse party may not rest upon its pleadings. Fed.R.Civ.P. 56(e). Instead, it is expected that the non-moving party will oppose the motion by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. *Celotex,* 106 S.Ct. at 2554. The rule for summary judgment requires that this court enter summary judgment after adequate time for discovery where the non-moving party fails to make a sufficient showing to establish the existence of an element essential to that party's case and upon which that party bears the burden of proof at trial. Here, the plaintiffs have had adequate time for discovery and despite the passage of time, the court finds they have not made this showing. Absent this showing the court concludes there is no genuine issue as to any material fact and that the defendant is entitled to summary judgment as a matter of law on the plaintiffs' claim for breach of implied covenant of good faith and fair dealing claim.

Because the court has found that the plaintiff's negligence claim is barred by the statute of limitations, as well as its intentional infliction of emotional distress claim, it is compelled to conclude that Maureen Lesh's claim for loss of consortium due to the defendant's alleged "negligence and/or reckless intentional conduct" with regard to her husband, is also barred. A loss of consortium claim is a derivative one that arises from the tortious injury to a spouse. Because of its derivative nature, such a claim is barred where the injured spouse's tort claim is barred. *See generally Weaver v. Mitchell,* 715 P.2d 1361, 1369 (Wyo.1986). ("A cause of action for loss of consortium is a derivative action, and the causal negligence of the injured spouse limits recovery of the claiming spouse under the comparative negligence statute....").

Now in accordance with this opinion IT IS HEREBY ORDERED that summary judgment be GRANTED in favor of the defendant on all of the plaintiffs' claims against it.