**Ronald MASTERS, Petitioner–Appellant,**

v.

**DANIEL INTERNATIONAL CORPORATION, Respondent–Appellee.**

**No. 88–1345.**

United States Court of Appeals, Tenth Circuit.

Oct. 23, 1990.

Rehearing Denied Dec. 13, 1990.

Dan L. Wulz of Bryan, Lykins, Hejtmanek & Wulz, Topeka, Kan., for petitioner-appellant.

Leonard J. Spooner of Thompson, Mann and Hutson, Greenville, S.C., Lizabeth Lee Walther of Thompson, Mann and Hutson, Washington, D.C., and Arthur E. Palmer of Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for respondent-appellee.

Before McKAY and TACHA, Circuit Judges, and RUSSELL, District Judge.*

PER CURIAM.

In our original panel opinion, 895 F.2d 1295, we affirmed the district court's dismissal of Petitioner–Appellant Ronald Mas-

---

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

ters' Complaint alleging a state-law claim for retaliatory discharge against his employer, Respondent–Appellee Daniel International Corporation ("Daniel"). We held that Section 210 of the Energy Reorganization Act, 42 U.S.C. § 5851 (the "Act"), preempts a state-law claim for retaliatory discharge for reporting nuclear safety violations.

Subsequently, the Supreme Court granted Masters' certiorari petition, vacated our judgment and remanded for further consideration in light of *English v. General Electric Co.*, —— U.S. ——, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). In *English*, the Supreme Court held that a state-law tort claim for intentional infliction of emotional distress is not pre-empted by the Act. The Supreme Court concluded that a tort claim for intentional infliction of emotional distress does not fall within the boundaries of the pre-empted field of nuclear safety, primarily because such a claim does not have enough direct and substantial effect on decisions made by those who build or operate nuclear facilities concerning radiological safety levels. Moreover, the Court found that such a tort claim does not conflict with any particular aspect or congressional goal of the Act.

■ In light of *English*, we find that Masters' state-law claim for retaliatory discharge is not pre-empted by the Act. However, our finding is not dispositive of this matter. The district court also dismissed Masters' state-law claim for retaliatory discharge on the basis that the Kansas Supreme Court would not recognize a cause of action for retaliatory discharge under circumstances where an employee has an alternative remedy available to him. The district court found that Masters had an alternative remedy available to him under the Act. In view of this Court's decision on remand that Masters' retaliatory discharge claim is not pre-empted by the Act, we must now determine whether the Kansas Supreme Court would recognize a state-law claim for retaliatory discharge where an alternative remedy is available.[1]

■ We have previously addressed this issue in *Polson v. Davis*, 895 F.2d 705 (10th Cir.1990). In that case, this Court concluded that the Kansas Supreme Court would not recognize a state-law claim for retaliatory discharge where an adequate alternative remedy is available. We stated, "[t]here is no evidence that the remedies provided for in KAAD (Kansas Acts Against Discrimination) are constitutionally inadequate to compensate plaintiff, or so inadequate to enforce the stated public policy as to require bolstering by a common law cause of action." We thus concluded that Kansas Supreme Court would have adopted the view that KAAD, the statutory remedy at issue, was adequate and would be the exclusive remedy available to an employee.

In our opinion, we did acknowledge that recent Kansas Supreme Court cases; particularly, *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988), did cloud this issue.[2] However, we found that in *Coleman*, the Kansas Supreme Court focused on the inadequacy of the alternative

---

**1.** Daniel has moved this Court for an order allowing supplemental briefs to address the "new analytical framework for deciding this case" as a result of the Supreme Court's decision in *English*, and to address the district court's second basis for dismissing Masters' state-law claim for retaliatory discharge. This panel has determined unanimously that further briefing would not assist the determination of this remand. The cause therefore is ordered without supplemental briefs and Daniel's Motion is denied.

**2.** Masters has for the first time on remand requested this Court to certify two questions of law to the Kansas Supreme Court: first, would Kansas adopt the "other remedy" exception to the tort of retaliatory discharge to bar such cause of action brought by a nuclear civil quali-

ty control inspector; second, if so, would adoption of such exception under the facts of this case violate state constitutional Article III separation of powers, state right to jury trial, state due process requiring a fair *quid pro quo*, and state equal protection. Certification is within the discretion of the federal court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). This panel unanimously declines to exercise such discretion on the basis that Masters moved for certification for the first time to this Court upon remand and chose to litigate his diversity action in a federal forum. Additionally, this panel believes that the Kansas Supreme Court would not rule differently on the issue addressed in this opinion. Masters' request is therefore denied.

remedy available to the employee in finding that a cause of action for retaliatory discharge would be available. In *Polson*, we determined that the Kansas Supreme Court would have found that the statutory remedy at issue was adequate and would be the exclusive remedy available to the employee. Therefore, a state-law tort claim for retaliatory discharge would be prohibited.

Relying upon our decision in *Polson*, we find that the Act at issue also precludes recovery under a state-law claim for retaliatory discharge. In this Court's view, the remedies under the Act like the remedies under KAAD in *Polson* are indeed adequate to compensate an aggrieved employee. These remedies include (1) reinstatement to former position with compensation (including back pay); (2) compensatory damages; and (3) all costs and expenses (including attorneys' and expert witness fees). 42 U.S.C. § 5851(b)(2)(B). Additionally, if a person fails to comply with an order issued by the Secretary of Labor, a district court may grant all appropriate relief including injunctive relief, compensatory, and exemplary damages. 42 U.S.C. § 5851(d).

In this case, Masters is seeking compensatory damages, exemplary damages and court costs. We find that the remedies provided by the Act are sufficient to have satisfied Masters' claim despite the fact that exemplary damages would not have been recoverable. We do not find as alleged by Masters that the 30-day statute of limitations under the Act makes the available remedies inadequate. Thus, we hold the district court did not err in dismissing Masters' claim for retaliatory discharge.

Accordingly, for the reasons set forth in this opinion, the order of the United States District Court for the District of Kansas dismissing Petitioner–Appellant Masters' retaliatory discharge claim on the grounds that another remedy is available is AFFIRMED.

SO ORDERED.