Florice "Florie" GUSTAFSON, Plaintiff,

v.

**BRIDGER COAL COMPANY and Pacific Minerals, Inc., Defendants.**

No. 93–CV–0177–B.

United States District Court,
D. Wyoming.

Sept. 21, 1993.

Walter Urbigkit, Cheyenne, WY, for plaintiff.

Stanley K. Hathaway, Hathaway, Speight, Kunz & Trautwein, Cheyenne, WY, Mary K. VanderWeele, Stoel, Rives, Boley, Jones & Grey, Portland, OR, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon the defendants' Motion to Dismiss and the plaintiff's opposition thereto, and the Court having reviewed the materials on file herein, having heard argument from the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### *Background*

Plaintiff, Florice Gustafson, was employed by defendant Bridger Coal Company[1] at its Point of Rocks, Wyoming mine from October 1985 until she was terminated in October

---

1. Defendant Bridger Coal Company is a joint venture between defendant Pacific Minerals, Inc. and Idaho Energy Resources.

1990. Gustafson alleges that the general manager of the mine had decided not to report accidents as required by the Mine Safety and Health Act ("MSHA"), 30 U.S.C. § 801 et seq. (1988). She maintains that this course of action was taken in an effort to boost the mine's poor safety record. Gustafson also alleges that she had many disagreements with her supervisor regarding the reporting of accidents. She states that she reported the accidents of which she became aware. This caused her much stress. At the request of the defendants she met with a psychiatrist for testing. Gustafson claims that, the defendants were unsatisfied with the results of the testing, and as a result, fired her for being uncooperative in the medical exams.

Plaintiff brings four claims for relief: (1) breach of contract based on the employee handbook requirement of for cause termination; (2) promissory estoppel; (3) the tort of outrage; and (4) punitive damages. The defendants have moved to dismiss the outrage and the punitive damage claims under Fed.R.Civ.P. 12(b)(6). This motion is currently before the Court.

### Standard of Review

The purpose of Fed.R.Civ.P. 12(b)(6) is to test the legal sufficiency of the statement of a claim for relief. It is not a procedure for resolving issues of fact or the merits of a case. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). In consideration of a Fed. R.Civ.P. 12(b)(6) motion, the trial court determines the sufficiency of a complaint as a matter of law. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986).

Dismissal of a case pursuant to Fed. R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of her claim to entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "To reach this conclusion, we clothe plaintiff's claims in such fashion to presume all allegations true. The Federal Rules of Civil Procedure erect a powerful presumption against

rejecting pleadings for failure to state a claim.'" *Morgan*, 792 F.2d at 978 (citing *Auster Oil & Gas v. Stream*, 764 F.2d 381 (5th Cir.1985)).

Rule 8 sets forth the basic requirements for pleading a claim. That rule calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, although Rule 12(b)(6) provides for dismissal when the plaintiff fails to state sufficient facts to meet this liberal standard, its "sanction extends only to a formal testing of the legal sufficiency of the factual basis" of the claim. *Auster Oil & Gas*, 764 F.2d at 386. "Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Morgan*, 792 F.2d at 978; 5A Wright & Miller, Federal Practice and Procedure § 1357.

### Discussion

The defendants contend that this Court should dismiss the plaintiff's third and fourth claims of outrage and punitive damages. The Court addresses each contention below.

### A. The Tort of Outrage

The defendants make essentially three arguments in support of their motion to dismiss the outrage claim.[2] First, the defendants contend that the outrage claim is unavailable under Wyoming law because there is an alternative remedy provided in the MSHA, 30 U.S.C. § 815(c) (1988). Second, the defendants maintain that even if the outrage claim is available, it is barred by Wyoming's one year statute of limitations. Third, the defendants urge the Court to grant their motion to dismiss because the plaintiff failed to file her response within ten (10) days after the service of the motion to dismiss as required by U.S.D.C.L.R. 78(b)(2).

### 1. MSHA as an Alternative Remedy

The defendants contend that the outrage claim is unavailable under Wyoming law

---

**2.** The tort of "outrage" is also commonly known as "intentional infliction of emotional distress."

See Restatement (Second) of Torts § 46 (1965). The Court will use these terms interchangeably.

because there is an alternative remedy provided in the MSHA, 30 U.S.C. § 815(c).[3] In making this argument, the defendants recharacterize the plaintiff's outrage claim as a tort action for retaliatory discharge.

■ Wyoming recognizes the tort of retaliatory discharge as a public policy exception to the general rule of "at-will" employment. *Allen v. Safeway Stores, Inc.,* 699 P.2d 277, 284 (Wyo.1985). The *Allen* court refused to recognize a cause of action for retaliatory discharge, however, where another remedy was available:

> A tort action premised on violation of public policy results from a recognition that allowing a discharge to go unredressed would leave a valuable social policy to go unvindicated. If there exists another remedy for violation of the social policy which resulted in the discharge of the employee, there is no need for a court-imposed separate tort action premised on public policy.

*Id.* Similarly, in *Masters v. Daniel Int'l Corp.,* 917 F.2d 455, 456 (10th Cir.1990), the Tenth Circuit Court of Appeals affirmed the dismissal of the plaintiff's retaliatory discharge claim, holding that the remedies available under the Energy Reorganization Act's "whistleblower" provision were sufficient to displace any need for the public policy tort of retaliatory discharge. Like the MSHA, the Energy Reorganization Act's whistleblower provision enables whistleblower claimants to recover the relief sought, including reinstatement with back pay, interest, and all costs and expenses, including attorney's fees.

■ Given *Masters* and *Allen,* it is clear that the tort of retaliatory discharge is not available to the plaintiff in this case because the whistleblower remedy provided by the MSHA is available. Additionally, there is no evidence that the MSHA remedies "are constitutionally inadequate to compensate plaintiff, or so inadequate to enforce the stated public policy as to require bolstering by a common law cause of action." *Polson v. Davis,* 895 F.2d 705, 709–10 (10th Cir.1990).

This, however, does not end this Court's analysis. In *English v. General Elec. Co.,* 496 U.S. 72, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990), the Supreme Court held that a state law claim for intentional infliction of emotional distress by an employee who reported safety violations was not preempted by the Energy Reorganization Act. *See also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (rejecting preemption by the National Labor Management Relations Act). Thus the dispositive issue in this case is whether the plaintiff's claim is one of retaliatory discharge, therefore unavailable because of the MSHA whistleblower provision, or whether the claim is one of intentional infliction of emotional distress, which would not be preempted by federal law.

The plaintiff contends that she is bringing a claim for intentional infliction of emotional distress, not retaliatory discharge. While this Court recognizes that labelling one claim as another to avoid dismissal would be improper, the Court does not believe the plaintiff has done so in this case. In *Leithead v. American Colloid Co.,* 721 P.2d 1059, 1065 (Wyo.1986), the Wyoming Supreme Court recognized the tort of intentional infliction of emotional distress. The tort occurs when "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another...." *Id.* (citing Restatement (Second) of Torts § 46 (1965)).

A party cannot prevail on its motion to dismiss unless it appears beyond doubt that the opposing party can prove no set of facts entitling it to relief. *Walters v. Grand Teton Crest Outfitters, Inc.,* 804 F.Supp. 1442, 1444 (D.Wyo.1992). This Court is not convinced that the plaintiff cannot prove sufficient facts entitling her to relief on the claim of intentional infliction of emotional distress. In fact, the plaintiff makes many allegations in her complaint which tend to support her outrage or intentional infliction of emotional distress claim. For example, the plaintiff alleges that the defendants "were outrageous

---

**3.** The MSHA provides that "No person shall discharge ... or cause to be discharged ... any miner, or representative of miners ... because [they have] filed or made a complaint under or related to this Act." 30 U.S.C. § 815(c) (1988).

in their dealings with [her]"; that the defendants' employees "set about on a course to discredit her and make her life so miserable that she would terminate employment"; and "that the job environment was so stressful that her physician precluded her from going to work."

Because the Court concludes that the plaintiff's claim is one of intentional infliction of emotional distress, which is not preempted by the federal law instead of a claim of retaliatory discharge as categorized by the defendants, the Court denies the motion to dismiss the outrage claim as an unavailable public policy tort.

### 2. Statute of Limitations

■ The defendants also argue that the claim for intentional infliction of emotional distress is governed by Wyoming's one year statute of limitations. Wyo. Stat. § 1–3–105(a)(v) (West Supp.1993). The statute provides:

(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

. . . .

(v) Within one (1) year, an action for:

(A) Libel or slander;

(B) Assault or battery not including sexual assault;

(C) Malicious prosecution or false imprisonment; or

(D) Upon a statute for a penalty or forfeiture . . . .

The defendants base their argument on statements made by this Court in two cases: *Lesh v. Allstate Ins. Co.*, 723 F.Supp. 624 (D.Wyo.1989) and *Wagner v. Campbell County, Wyoming*, 695 F.Supp. 512 (D.Wyo.1988). Citing Wyoming statute § 1–3–105(a)(v), the court in *Wagner* stated that "Wyoming provides a one-year limitation period for personal injury actions often viewed as intentional torts." *Wagner*, 695 F.Supp. at 516. The

*Lesh* court applied this statute of limitations to the tort of intentional infliction of emotional distress, stating "a claim for intentional infliction of emotional distress [is] controlled by Wyoming's one year statute of limitations for intentional torts. Wyo.Stat. § 1–3–105(v)(a)(b)." *Lesh*, 723 F.Supp. at 627.

As the plaintiff points out, however, in neither case does the court cite any authority or explain its rationale for the conclusion that § 1–3–105(a)(v) applies to all intentional torts or to the tort of intentional infliction of emotional distress, specifically.[4] Upon closer examination of the statute, this Court is convinced that § 1–3–105(a)(v) does not apply to all intentional torts.

Another section of the same statute states:

(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

. . . .

(iv) Within four (4) years, an action for:

(A) Trespass upon real property;

(B) The recovery of personal property or for taking, detaining or injuring personal property;

(C) *An injury to the rights of the plaintiff*, not arising on contract and *not herein enumerated.*

Wyo.Stat. § 1–3–105(a)(iv) (emphasis added). The plaintiff argues that the tort of intentional infliction of emotional distress fits under subsection (iv)(C), which provides for a four year statute of limitations. The question for this Court thus becomes one of statutory interpretation.

■ Statutes of limitation express the public policy of prohibiting litigation of stale claims. This protects against risks of error in decisions made upon the merits of claims where the evidence consists mainly of events and circumstances that occurred in the remote past. *See Olson v. A.H. Robins Co.*, 696 P.2d 1294, 1297 (Wyo.1985); Sutherland

---

4. It is especially revealing to note that the one year statute of limitations was not dispositive in either of these cases. In *Lesh v. Allstate Ins. Co.*, 723 F.Supp. at 627, the court held that the four year statute of limitations, Wyo.Stat. § 1–3–105(a)(iv)(C), had also been exceeded. In *Wag-* *ner v. Campbell County*, 695 F.Supp. at 516, the court rejected the application of the one year statute of limitations for claims brought under 42 U.S.C. § 1983 (1988), holding that the plaintiff's § 1983 action was not time-barred as it was subject to a four year statute of limitations.

Stat. Const. § 70.03 (4th ed. 1986). When construing statutes of limitations in cases where no statute of limitations directly applies, some courts borrow the statute of limitations governing an analogous action at law. *See, e.g., Hechler v. International Brotherhood of Electrical Workers, AFL–CIO,* 834 F.2d 942, 947 (11th Cir.) (borrowing state contract law statute of limitations for federal labor law claim), *vacated on other grounds,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); *Brown v. California State Personnel Bd.,* 166 Cal.App.3d 1151, 213 Cal.Rptr. 53 (1985); Sutherland Stat. Const. § 70.03.

In many other jurisdictions, including Wyoming, however, the rule is that where the statute of limitations does not expressly provide for a specific claim, the court should not extend the statute by construction. *John Meier & Son v. Horse Creek Conserv. Dist.,* 603 P.2d 1283, 1287 (Wyo. 1979) ("Statutes of limitations are so construed that even if the case seems to be one within reason, if it not be mentioned in the statute, it is not deemed that the legislature thought it proper to apply such limitations."); *Roberts v. Roberts,* 62 Wyo. 77, 162 P.2d 117, 121 (1945) *rev'd on other grounds,* 64 Wyo. 433, 196 P.2d 361 (1948); *see also Mangieri v. Spring Tool Co.,* 68 N.J.Super. 211, 172 A.2d 56 (1961); *Alropa Corp. v. Myers,* 55 F.Supp. 936 (D.C.Del.1944); *McGrath v. Butte County,* 30 Cal.App.2d 734, 87 P.2d 381 (1939). Furthermore, when there is doubt about the applicability of a statute of limitations, courts prefer to apply provisions allowing for a longer period in which to bring an action. *See, e.g., Metzger v. Kalke,* 709 P.2d 414, 416–17 (Wyo.1985); *Safeco Ins. Co. v. Honeywell, Inc.,* 639 P.2d 996 (Alaska 1981); *Orr v. Lewis Cent. School Dist.,* 298 N.W.2d 256 (Iowa 1980); *Mabry v. Southwestern Bell Tel. Co.,* 270 Ark. 845, 606 S.W.2d 373 (App. 1980); *Kittson County v. Wells, Denbrook & Associates, Inc.,* 308 Minn. 237, 241 N.W.2d 799 (1976). "Statutes prescribing a relatively short time period for suit should be construed narrowly to give the holder of a cause

of action a fair opportunity to present his claim." *Metzger,* 709 P.2d at 417 (citing *Safeco Ins. Co.,* 639 P.2d 996).

Applying these rules of construction to the statute of limitations issue in this case, this Court concludes that the general, four (4) year statute of limitations should apply to the tort of intentional infliction of emotional distress. Any ambiguity about the legislative intent and applicability of the statute of limitations, requires the Court to prefer the longer four-year limitation period to the one year period.[5]

Furthermore, the intentional infliction of emotional distress cause of action is not expressly provided for in the one year statute of limitations (Wyo.Stat. § 1–3–105(a)(v)). It would make sense that due to the enumeration of specific causes of action in that subsection, the legislature's intent was to omit other causes of action that are not mentioned there. This rationale is especially persuasive since the legislature provided a residual or default statute of limitations for unenumerated causes of action. Section 1–3–105(a)(iv)(C) provides that the four year statute of limitations shall apply to "[a]n injury to the rights of the plaintiff ... not herein enumerated." This is where the tort of intentional infliction of emotional distress must fall. Because the statute is clear, no amount of justification can bring the intentional infliction of emotional distress within the ambit of the one year limitations period.

Moreover, even if the Court were to analogize the tort of intentional infliction of emotional distress to any of the four causes of action mentioned in subsection (a)(v), it could not do so successfully. Intentional infliction of emotional distress is fundamentally dissimilar from libel and slander, assault and battery, malicious prosecution, and statutes for penalty or forfeiture. Indeed, as the plaintiff has pointed out, in other subsections, the same statute provides different limitations for other intentional conduct such as trespass, conversion, and fraud.[6] Therefore, the defendants' argument that subsection

---

5. This Court recently reached the same conclusion in *Hendry v. Schneider,* No. 93–CV–0042–B, slip op. at 16 n. 6, 1993 WL 443815 (D.Wyo. September 14, 1993).

6. Four year limitations periods are provided for: trespass in subsection (a)(iv)(A), conversion in subsection (a)(iv)(B), and fraud in subsection (a)(iv)(D).

(a)(v) applies to all intentional torts is not persuasive.

Because this Court has concluded that the four year statute of limitations applies to the tort of intentional infliction of emotional distress and because the plaintiff filed the claim two and one half years after the cause of action arose, dismissal based on the statute of limitations would be inappropriate.

### 3. Timeliness of Plaintiff's Filing

■ The defendants urge the Court to grant their motion to dismiss because the plaintiff failed to file her response within ten (10) days after the service of the motion to dismiss as required by U.S.D.C.L.R. 78(b)(2). Because the defendants were not prejudiced by the plaintiff's untimely filing, the Court does not think such a dismissal would be appropriate in this instance.

### B. Punitive Damages

■ The defendants argue that because the punitive damages claim is predicated on the outrage claim, the Court must also dismiss the punitive damages claim. The Court's decisions regarding the plaintiff's intentional infliction of emotional distress claim discussed above, however, render dismissal of the punitive damages claim improper. However, during the trial of this case none of the parties shall make any mention of such damages to the jury, and at the close of the evidence, if the Court concludes that the evidence has shown that the defendants' actions were willful and wanton, the Court will allow the plaintiff to re-open to make a further evidentiary showing with regard to punitive damages and the net worth of the defendants.

THEREFORE, IT IS

**ORDERED** that the defendants' motion to dismiss be, and the same hereby is, **DENIED.**